PER CURIAM.
We consider the present case after the Florida Supreme Court remanded our decision in City of Melbourne v. Puma, 616 So.2d 190 (Fla. 5th DCA 1993), for further consideration consistent with Board of County Commissioners of Brevard County v. Snyder, 627 So.2d 469 (Fla.1993). City of Melbourne v. Puma, 630 So.2d 1097 (Fla.1994).
After a non-jury trial, the trial court, based upon our decision in Snyder,[1] ordered the City of Melbourne either to grant the request of Joseph Albert Puma to have his property rezoned and the City’s Comprehensive Plan amended accordingly,[2] or to hold an evidentiary hearing and to make findings of fact why the request should not be granted.
Because the supreme court quashed our decision in Snyder,[3] we vacate the trial court’s order and remand this cause to the trial court for further proceedings consistent with Snyder. On remand, the trial court also should consider whether justice would best be served by permitting Puma to file a new rezoning application in the event that conditions have changed during the lapse of time since he filed his original application for rezoning. See Snyder, 627 So.2d at 476.
REVERSED and REMANDED.
DAUKSCH, PETERSON and DIAMANTIS, JJ., concur.

. Snyder v. Board of County Commissioners of Brevard County, 595 So.2d 65 (Fla. 5th DCA 1991).

. The City’s Planning and Zoning Board recommended rezoning, but the City Council declined to follow this recommendation.

. See Board of County Commissioners of Brevard County v. Snyder, 627 So.2d 469 (Fla.1993).